## SOLOMON M. BADGER
### v.
## THOMAS S. KNAPP.

1. UNION SCHOOL DISTRICTS—DISSOLUTION—POWER OF COUNTY SUPERINTENDENT.—In proceedings under the statute for the dissolution of union school districts, the county superintendent has no power to act respecting the apportionment of property to each district, except in cases where the board of trustees refuse to grant the prayer of the petitioners, in which case he may order the board of trustees to make such change or changes.

2. APPEAL FROM ORDER OF SUPERINTENDENT.—Where on appeal from the order of the board of trustees granting the prayer of the petitioners, the county superintendent reversed the action of the board, it was not error for the circuit court, on appeal, to quash the proceedings had before the superintendent.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed October 6, 1880.

Messrs. DEARBORN & CAMPBELL, for appellant; that the superintendent has no power to make a change, and can only approve the action of the board of trustees, cited Thompson v. Beaver, 63 Ill. 353.

The presumption is in favor of the regularity of the acts of the school officers, and to question their acts the action should have been by *quo warranto:* Huck v. Trustees, 87 Ill. 41; Alderman v. School Directors, 91 Ill. 179.

*Certiorari* is not a writ of right, but issues only on special cause shown: Trustees v. School Directors, 88 Ill. 100.

Mr. J. B. BROWN, for appellee; that trustees of schools have no power to form, or refuse to form a school district; but

Badger v. Knapp.

must give effect to the will of the voters, as expressed in the petition cited, Trustees v. The People, 76 Ill. 621.

PER CURIAM. Upon the dissolution of a union school district composed of territory lying partly in Logan and partly in Mason counties, the board of trustees of township twenty-one, range five, in Mason county, failed to make any order touching the territory so detached. A writ of mandamus was then prosecuted, requiring them to make some disposition of the same, so as to give the inhabitants thereof the benefit of the schools in same district already organized. Thereupon they made an order attaching this territory to Union District No. 2, from which order an appeal was take to the county superintendent, who reversed the action of the board of trustees, but failed to make any disposition of this territory in question. Appellee thereupon filed his petition in the circuit court for a common law writ of certiorari to set aside this action of the county superintendent, which, upon a hearing of the cause, was done, and the proceedings had before the said superintendent on said appeal were quashed. From this order he now appeals.

Without considering all the questions raised by this record, it is sufficient to say that, in our opinion, on an appeal under the sixth clause of the thirty-third section of the school law, as amended in 1879, the superintendent has no power to act except in cases where the trustees refuse to grant the prayer of the petitioners. It provides that "if in his opinion the change asked for is for the best interests of the district or districts concerned, he shall order the trustees to make such change or changes, and his action shall be final and binding;" but it nowhere gives the superintendent power to reverse the action of the board of trustees when they have granted the prayer of the petitioners. In this case the board took action, and granted the prayer of petitioners by attaching the territory to another district. This action cannot be reviewed by the superintendent, and consequently his acts in that behalf were void. There was therefore no error in the order of the circuit court in quashing the same, and the judgment is affirmed.

Affirmed.